United States District Court
Southern District of Texas
**ENTERED**
May 24, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:19-CR-026-1 |
| | § | |
| ELEXIS KIERA SIDNEY | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). This case has been referred to the United States Magistrate Judge to accept a felony guilty plea pursuant to Federal Rule of Criminal Procedure Rule 11. All parties waived the right to plead guilty before a United States District Judge and consented instead to proceed before a United States Magistrate Judge.

On May 24, 2022, Defendant and counsel appeared by video conference before the Magistrate Judge, who addressed Defendant personally in open court and informed Defendant of the admonishments under Rule 11 of the Federal Rules of Criminal Procedure and determined that Defendant was competent to plead guilty and fully understood said admonishments.

Defendant could not be physically present without seriously jeopardizing public health and safety during the national emergency created by the novel coronavirus. *See* Southern District of Texas General Order 2021-23 (implementing Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), and March 11, 2021 action by Judicial Conference authorizing video teleconferencing under certain circumstances). Pursuant to General Order 2021-23, the Court requested case-specific reasons from counsel for why the plea could not be further delayed without serious harm to the interests of justice.

The Court makes the following case-specific recommendations for findings to be adopted by the District Judge for why the plea cannot be further delayed without causing serious harm to the interests of justice:

- The Court finds the Defendant desires to plead guilty, at this time without being subject to the quarantine and isolation required after a personal appearance in court, risking further exposure to COVID-19 and its variants or to reassignment to a new living pod based on new quarantine.
- The plea agreement includes potential for cooperation which should not be delayed.

Therefore, the Magistrate Judge recommends that the court find further delay of this proceeding would cause serious harm in the interests of justice.

Defendant entered a plea of guilty to counts 1-4 of the Indictment. Count 1 charges Defendant with **Sexual Exploitation of Children**, in violation of Title 18, United States Code, Section 2251(a) & (e). Count 2 charges Defendant with **Distribution of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and 2252A(b)(1). Count 3 charges Defendant with **Receipt of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and 2252A(b)(1). Count 4 charges Defendant with **Possession of Child Pornography**, in violation of Title 18, United States Code, §§ 2252A(a)(5)(B) and 2252A(b)(2). The Court explained that the District Judge is obligated to calculate the applicable sentencing guideline range under the Sentencing Guidelines promulgated by the United States Sentencing Commission and to consider that range in determining Defendant's sentence. *See* Fed. R. Crim. P. 11(b)(1)(M). The Court advised Defendant as to the range of punishment with regard to imprisonment, fines, restitution, supervised release, forfeiture of property, and the statutory fee assessments. The Court finally informed Defendant that, if a person who is not a United States citizen is convicted of a crime, he or she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. *See* Fed. R. Crim. P.

11(b)(1)(O).

The Magistrate Judge finds the following:

1. Defendant, with the advice of counsel, has consented orally to enter this guilty plea before the Magistrate Judge, subject to final approval and sentencing by the District Judge;

2. Defendant knowingly waived his right to appear in person for the re-arraignment.

3. Defendant fully understands the nature of the charges and penalties;

4. Defendant understands his/her Constitutional and statutory rights and wishes to waive these rights, including his/her right to appeal or collaterally attack his sentence (see Fed. R. Crim. P. 11(b)(1)(N));

5. Defendant's plea is made freely and voluntarily;

6. Defendant is competent to enter this plea of guilty; and

7. An adequate factual basis supports this plea.

## Recommendation

The Magistrate Judge **RECOMMENDS** that the District Judge adopt these findings, including the specific findings which demonstrate that further delay of the plea would cause serious harm to the interests of justice. The Magistrate Judge also **RECOMMENDS** that the District Judge accept the plea of guilty, sign the preliminary order of forfeiture, and enter final judgment of guilt against Defendant.

## Warnings

The parties may file objections to this Report and Recommendation, unless they waive the right to do so. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419,

421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after being served with a copy of the Report—or the party's waiver of the right to do so—shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The Clerk is directed to send a copy of this Report and Recommendation to all parties.

**SIGNED** at Houston, Texas, this 24th day of May 2022.

_____
Christina A. Bryan
United States Magistrate Judge