# United States Court of Appeals
# for the Fifth Circuit

United States Courts
Southern District of Texas
FILED

*June 20, 2024*

Nathan Ochsner, Clerk of Court

No. 23-20402
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

ELEXIS KIERA SIDNEY,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-26-1

Before BARKSDALE, ENGELHARDT, and WILSON, *Circuit Judges.*
PER CURIAM:*

Elexis Kiera Sidney contests her below-Guidelines 480-months' sentence, imposed after her guilty-plea conviction for sexual exploitation of children, in violation of 18 U.S.C. § 2251(a), (e); distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B), (b)(1); receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B), (b)(1); and

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-20402

possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2). She asserts her sentence is procedurally and substantively unreasonable and violates due process because the district court selected her sentence based on erroneous assumptions and incorrect information. The claimed erroneous assumptions and incorrect information include the court's: interpreting the psychological evaluation she provided in support of her contentions regarding sentencing; assuming a high likelihood of recidivism based on a belief that sexual interest in children is a sexual orientation; and discounting Sidney's history as a victim of childhood sexual abuse. She also contests a special condition of her supervised release.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range or selecting a sentence based on clearly erroneous facts. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

A sentence is substantively unreasonable if it affords significant weight to an improper factor, *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), and will violate due process if it is based upon incorrect and material information or assumptions, *United States v. Gentry*, 941 F.3d 767, 788 (5th Cir. 2019).

Sidney's brief on appeal fails to specify which assertions are contesting due process or the substantive, as opposed to the procedural,

aspects of her sentence. Nevertheless, "[because] [Sidney]'s challenge[s] fail[] under any standard of review, we need not decide whether th[ese] issue[s] concern[] a procedural error or the substantive reasonableness of the sentence". *United States v. Sepulveda*, 64 F.4th 700, 709 (5th Cir. 2023).

First, Sidney asserts the district court: misinterpreted the psychological evaluation she provided; and believed the evaluation found she was at moderate-to-high risk of committing future sexual offenses. She asserts the evaluation showed instead she was at moderate-to-high risk of engaging in future criminal conduct and did not find whether she likely would commit further sex crimes. Because Sidney did not preserve this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Sidney must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

The court's comments at sentencing do not show a clear-or-obvious misunderstanding of the findings of the evaluation or Sidney's risk of sexual recidivism. *See Sepulveda*, 64 F.4th at 712. The court did not select the below-Guidelines sentence based upon incorrect assumptions or information concerning Sidney's risk of committing future sexual crimes. *See Gall*, 552 U.S. at 51; *United States v. Warren*, 720 F.3d 321, 331 (5th Cir. 2013) (concluding defendant failed to show court relied on materially erroneous information).

Next, Sidney asserts the court improperly described her pedophilic interests as an incurable "sexual orientation". She maintains her pedophilia

No. 23-20402

is not technically a "sexual orientation" but a mental-health disorder that can be diagnosed and treated.  This assertion fails under any standard of review because Sidney has not demonstrated error.  *See Sepulveda*, 64 F.4th at 709. She has not shown the court's use of the word "orientation" or its view of the treatment options for her pedophilia gave rise to an incorrect finding that was a consideration in her sentence.  *See Gall*, 552 U.S. at 51; *Warren*, 720 F.3d at 331; *Cooks*, 589 F.3d at 186.

Regarding Sidney's assertion that the court wrongly discounted her history of sexual trauma based upon erroneous assumptions about victims of sexual abuse, she maintains the court found she was dishonest about her history of sexual abuse because she revealed it only after she was arrested. We again need not decide the standard of review because Sidney has not shown error.  *See Sepulveda*, 64 F.4th at 709.  The record does not show the court:  made any findings for whether Sidney lied about her history of sexual abuse; or made findings on the reasons for, or significance of, her delayed disclosure.  Accordingly, the record does not show the issue was wrongly considered at sentencing.  *See Gall*, 552 U.S. at 51; *Warren*, 720 F.3d at 331; *Cooks*, 589 F.3d at 186.

Last, Sidney asserts the written judgment contains an unpronounced discretionary special condition of supervised release.  Because she had no opportunity to contest the special condition, abuse-of-discretion review applies.  *See United States v. Baez-Adriano*, 74 F.4th 292, 297 (5th Cir. 2023) (outlining standard).

At sentencing, the court orally pronounced, *inter alia*, that Sidney was not barred from owning or possessing computers or electronic devices.  In the written judgment, however, the special condition states Sidney is barred from owning or possessing a computer or device without the prior approval of the probation officer.  The special condition in the judgment is more

4

No. 23-20402

burdensome, broadens the restrictions of supervised release, and creates a conflict with the oral pronouncement. *See United States v. Mireles*, 471 F.3d 551, 558 (5th Cir. 2006) (outlining standard); *United States v. Bigelow*, 462 F.3d 378, 383–84 (5th Cir. 2006) (requiring amendment of judgment). The oral sentence controls. *E.g.*, *Mireles*, 471 F.3d at 557.

AFFIRMED in part; VACATED in part; REMANDED for amendment of the written judgment to conform with the oral pronouncement of sentence.